# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BROOKS AUTOMATION, INC.

**04   10320 GAO**

§
§
Plaintiff,  § §
MAGISTRATE JUDGE Bowler
§
VS.                §
§  CIVIL ACTION NO.
§
FABWORX SOLUTIONS, INC.    §
and RICHARD KENT        §
§
Defendants.    §
§

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. K O.M
DATE 2-17-04

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, 28 U.S.C. §1441 and 28 U.S.C. §1332(a), Defendants file this Notice of Removal of Civil Action No. 03-5152, *Brooks Automation, Inc., v. Fabworx Solutions, Inc., and Richard Kent*, pending in the Superior Court of Middlesex County, Commonwealth of Massachusetts.

### A. Introduction

1.    Plaintiff is Brooks Automation, Inc. Defendants are Fabworx Solutions, Inc., and Richard Kent.

2.    On December 22, 2003, Plaintiff sued Defendants for misappropriation of trade secrets, breach of an employee non-disclosure agreement, and unjust enrichment. Plaintiff seeks an unspecified amount in damages, attorney's fees, and injunctive relief. The suit was filed in the Superior Court of Middlesex County, Commonwealth of Massachusetts.

3.    Defendant Fabworx received notice of the suit on January 23, 2004, when it was served with a copy of the Complaint and Summons. Defendant Richard Kent, although he has not been served with a copy of the Complaint and Summons, did not learn of this lawsuit until

1

after Fabworx had been served. Defendants have filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## B. Basis for Removal

4.     Removal is proper because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

## C. Diversity of Citizenship

5.     The district courts of the United States have original jurisdiction over this action based on a diversity of citizenship among the parties, in that every Defendant is now, and was at the time the action was commenced, diverse in citizenship from every Plaintiff. Plaintiff is and has been since this action was commenced a Delaware Corporation with its principal place of business in Chelmsford, Massachusetts. (Complaint, para. 1). Neither of the Defendants is a citizen of the Commonwealth of Massachusetts. Defendant Fabworx Solutions, Inc., is a New Hampshire Corporation with its principal place of business at 122 Cheney Road, Newbury, New Hampshire. (Complaint, para. 2). Defendant Richard Kent is a citizen of the State of New Hampshire, and resides in New Hampshire. (Complaint, para. 3).

## D. Amount in Controversy

6.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's complaint seeks damages, double damages, disgorgement of monies received by Defendants, and attorney's fees in an unspecified amount. Plaintiff also seeks an injunction, as necessary, to prevent the use of its alleged trade secret. It appears from the complaint that Plaintiff is seeking to enjoin Fabworx' production and sale of its robotic arm assembly.

7.     To date, Fabworx has sold in excess of $300,000 of its robotic arm assembly units. The operating profit on these sales is in excess of $75,000. (*See* Exhibit A). Therefore,

2

since Brooks is seeking a disgorgement of all amounts related to Fabworx's sale of its robotic arm assembly unit, the amount in controversy exceeds $75,000.00.

8.      Moreover, in suits seeking injunctive relief, the amount in controversy is measured by the value of the right that plaintiff seeks to enforce or to protect against the defendant, or the value of the object that is the subject matter of the action. *Department of Recreation v. World Boxing Ass'n.*, 942 F.2d 84, 88 (1st Cir. 1991); *Wellness Community Nat. v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); and s*ee, Rexford v. Rand Corp.*, 58 F.3d 1215 (7th Cir. 1995) (In an equitable action, amount in controversy is measured by the value of the object of the litigation); *see, Oklahoma Retail Grocers Association v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1160 (10th Cir. 1979 (injunction); *see, Gibbs v. Buck*, 307 U.S. 66, 74, 595 S. Ct. 725, 730 (1939) (The jurisdictional issue is the value of the right to conduct business without the prohibition.)  According to the Affidavit of Mike Dailey, the value of the right of Fabworx to continue to sell the robotic arm designed by Defendant Richard Kent is greater than $75,000. (*See* Exhibit A).

## E. Proceedings Below

9.      Pursuant to 28 U.S.C. §1446, Defendants file herewith copies of the following pleadings and orders currently on file with the Clerk of the Middlesex County Superior Court: (*See* Exhibit B).

        a.      Plaintiff's Complaint, summons, and proof of service;

        b.      Tracking Order; and

        c.      Civil Docket Case Summary, No. 03-5152, Middlesex Superior Court.

10.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal (exclusive of the attachments) has been filed with the Clerk of the Middlesex County Superior Court.

11.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district includes the place where the removed action has been pending.

### F. Jury Demand

12.     Plaintiff demanded a jury in the Superior Court action.

### G. Conclusion

13.     The damages, disgorgement relief, injunctive relief, and attorney's fees sought by the Plaintiff, individually or collectively, render the amount in controversy in excess of $75,000.00. There is also complete diversity between the Plaintiff and Defendants. Therefore, removal is proper under 28 U.S.C. § 1446, § 1441, and § 1332(a).

WHEREFORE, Defendants respectfully request that this action be removed to this Court and that this Court accept jurisdiction of this case and place it on the docket for further proceedings. Defendants further request that upon final disposition, Plaintiff take nothing in its claims, and that Defendants be awarded such other relief as the Court deems proper.

Respectfully submitted,

HALE AND DORR, LLP
60 State St.
Boston, Massachusetts 02109
(617) 526-6000 (Telephone)
(617) 526-5000 (Facsimile)

By: _____
JOHN J. REGAN
State Bar No. 415120

THOMAS H. WATKINS
State Bar No. 20928000
ALBERT A. CARRION, JR.
State Bar No. 03883100
RANDALL C. DOUBRAVA
State Bar No. 06029900
BROWN McCARROLL, L.L.P.
98 San Jacinto Blvd., Suite 1300
Austin, Texas 78701
(512) 476-4716 (Telephone)
(512) 476-5139 (Facsimile)

ATTORNEYS FOR DEFENDANTS

5

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Defendants' Notice of Removal has been sent to the parties listed below by hand on this 13th day of February, 2004.

James W. Stoll
Brian L. Michaelis
BROWN RUDNICK BERLACK ISRAELS, L.L.P.
One Financial Center
Boston, MA 02111

JOHN J. REGAN

6