UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BROOKS AUTOMATION, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 04-10320-NG |
| FABWORX SOLUTIONS, INC. and RICHARD KENT | § § § § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Fabworx Solutions, Inc. and Richard Kent hereby file their Answer to Plaintiff's Complaint and set forth below their response to individual paragraphs in the Complaint. Unless an allegation is specifically admitted, Defendants deny that allegation.

## INTRODUCTION

Defendants admit that Defendant Kent was employed by Plaintiff Brooks; otherwise the statements in this paragraph are denied. To the extent there are allegations in this paragraph that describe the claims in this action, they constitute conclusions of law to which no response is required.

1.Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore deny same.

2.Denied.

3.Admitted.

4.Defendants admit that Kent worked for Brooks; otherwise denied.

5.Admitted.

6.Admitted.

1

7. Admitted, except Defendants deny that Kent's last date of employment was in 2001.

8. Defendants admit that Defendant Kent was required to execute an employee nondisclosure agreement; otherwise denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore deny same.

10. Defendants admit that Brooks developed a product sold under the Trademark HP Ultra Arm "TM;" Defendants deny that Defendant Kent was one of the senior managers in charge of the HP Ultra Arm TM development effort; otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same. Defendants specifically deny that any of this information is a trade secret of Brooks.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

14. Denied.

15. Denied.

16. Defendants admit that Defendant Kent became familiar with some of the design features, and some of the manufacturing vendors; otherwise denied.

17. Denied.

18. Defendants admit that Fabworx was incorporated after Defendant Kent left Brooks; otherwise denied.

19. Defendants incorporate and reallege their responses to paragraphs 1-18.

20. No response is required to the allegations in paragraph 20, which state legal conclusions. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

21. Denied.

22. Denied.

23. Defendants incorporate and reallege their responses to paragraphs 1-22.

24. Defendants admit that Defendant Kent signed an employee nondisclosure agreement; otherwise, denied. To the extent Paragraph 24 purports to characterize a document, Defendants state that the document speaks for itself and deny any characterizations thereof.

25. Denied.

26. Denied.

27. Defendants incorporate and reallege their responses to paragraphs 1-26.

28. Defendants admit that Fabworx knew of the existence of the employee nondisclosure agreement signed by Kent; otherwise, denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendants incorporate and reallege their responses to paragraphs 1-31.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendants incorporate and reallege their responses to paragraphs 1-36.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants plead the defense of failure of consideration with respect to the employee nondisclosure agreement.

3. Defendants plead the defense of prior material breach with respect to the employee nondisclosure agreement.

4. Defendants plead the defense of laches.

5. Defendants plead the defense of unclean hands.

6. Defendants plead that information, if any, that Brooks is claiming to be confidential or trade secret information and used in the design of Fabworx's robot arm is not a trade secret because, among other reasons, it is public knowledge.

7. Defendants plead that the nondisclosure agreement is an unreasonable restraint on trade and that it is being used by Plaintiff as a non-competition agreement without reasonable restrictions on geographic scope, time, or subject matter.

8. To the extent Plaintiff has suffered any of the damages alleged in the Complaint, which Defendants deny, such damages were incurred by Plaintiff as a result of its own negligence, acts, or omissions.

9. Without conceding that Plaintiff has suffered any damages as a result of any wrongful act of Defendants, upon information and belief, Plaintiff has failed to mitigate its damages.

WHEREFORE, Defendants respectfully request that the Court:

1. Deny the relief requested by Plaintiff;

2. Enter judgment in favor of Defendants;

3. Award Defendants their costs;

4. Award Defendants their attorney's fees; and

5. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        BROWN McCARROLL, L.L.P.
        98 San Jacinto Blvd., Suite 1300
        Austin, Texas 78701
        (512) 476-4716 (Telephone)
        (512) 476-5139 (Telecopier)

        By: /s/ Randall C. Doubrava
            THOMAS H. WATKINS (*pro hac vice*)
            Texas State Bar No. 20928000
            ALBERT A. CARRION, JR. (*pro hac vice*)
            Texas State Bar No. 03883100
            RANDALL C. DOUBRAVA (*pro hac vice*)
            Texas State Bar No. 06029900

        JOHN J. REGAN (BBO #415120)
        EDWARD E. HALE, JR. (BBO #651272)
        HALE AND DORR LLP
        60 State Street
        Boston, Massachusetts 02109
        (617) 526-6000 (Telephone)
        (617) 526-5000 (Telecopier)

        ATTORNEYS FOR DEFENDANTS

Dated: March 4, 2004

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Complaint has been sent to counsel for Plaintiff, via electronic service and hand delivery on this 4th day of March 2004:

James W. Stoll, Esq.
Brian L. Michaelis, Esq.
BROWN RUDNICK BERLACK ISRAELS, L.L.P.
One Financial Center
Boston, MA 02111

/s/ Randall C. Doubrava
RANDALL C. DOUBRAVA