UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BROOKS AUTOMATION, INC., )<br>    Plaintiff, )<br>        )<br>v.        )<br>        )<br>FABWORX SOLUTIONS, INC. and )<br>RICHARD KENT, )<br>    Defendants. )<br>        ) | CIVIL ACTION NO. 04-10320-NG<br><br>**STIPULATED CONFIDENTIALITY<br>AND PROTECTIVE ORDER** |

It is **HEREBY STIPULATED AND AGREED** by and between the undersigned counsel and all parties herein, as follows:

1. This Order shall govern all documents and other discovery materials designated as "Confidential" and/or "Highly Confidential" and produced in response to any formal or informal discovery requests in the above-captioned actions or Related Proceedings. This order shall govern, among other things, documents produced pursuant to Rules 26, 34 or 45 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, deposition and/or trial transcripts, deposition and/or trial testimony (including all information contained therein), and all copies, excerpts or summaries thereof. For the purposes of this Order, "Related Proceedings" shall mean any and all other proceedings between the parties before this or any other court or government agency arising out of some or all of the same transactions or occurrences as in the above-captioned actions, including any and all appeals of the above-captioned actions.

2. This Order shall also govern all documents and other discovery materials produced during discovery by any non-parties, but only where a non-party requests the protection provided by this Order.

3. By requesting the protection of this Order, no party or non-party will waive its right to object to producing any document or other discovery materials.

4. For purposes of this Order, "Confidential" and "Highly Confidential" materials shall be disclosed only in accordance with paragraphs 7 and 8 of this Order.

5. Documents or other discovery material for which a claim of confidential or highly confidential status is made shall be designated as "Confidential" and/or "Highly Confidential" by stamping or typing prominently on the first page of such documents deemed by the producing party to contain confidential and/or highly confidential information prior to their production the following designation: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Following completion of depositions and receipt and review of the transcripts thereof, the deposed party or deponent shall have thirty (30) days to designate portions of the deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder.

6. In the event that any question is asked at a deposition in response to which a party asserts that such question calls for the disclosure of Confidential and/or Highly Confidential materials or information, such questions shall nevertheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of and shall agree to the terms and conditions of this Order and all persons, other than the witness, his counsel if any, the

reporters (including any camera operator/reporter in the case of any videotaped depositions), counsel for the parties in these cases, and any other persons to whom such information may be disclosed under paragraphs 7 and 8 herein, shall leave the room during the time in which this information is disclosed or discussed. Counsel for the designating party shall, at the deposition, notify opposing counsel, on the record, that the information disclosed has been designated Confidential and/or Highly Confidential.

7. "Confidential" materials and information shall be used solely for the purposes of these actions. No commercial or other use shall be made of "Confidential" materials and information belonging to the other party. "Confidential" status shall apply to non-public information and materials which the producing party treats as confidential. Such information may include, but is not limited to, non-public research and development information, non-public patent applications and filings, current non-public pricing or cost information, trade secret processes or technical know-how, sales and profit information, customer lists, market analyses or research, business plans or strategies, salesmen's call reports, competitive analyses, product evaluations, analyses or test results, consumer research, and/or supplier information. "Confidential" materials and information may be reviewed and copied by counsel of record for the receiving party, but shall not be disclosed to any other person except as set forth herein, or as otherwise agreed in writing between the parties. "Confidential" materials and information may be disclosed only as follows:

    (i) to outside independent attorneys of record and of counsel, their associated attorneys, paralegals, and clerical staff employed in the preparation and trial of these actions;

    (ii) to parties, or any other person requested by counsel to furnish technical or other expert services or to give

testimony, or otherwise to prepare for the trial of these actions; provided that each person to whom the information is to be disclosed first shall be advised of and agree in writing to the terms and conditions of this Order (such agreement in writing to take the form of Exhibit A hereto);

(iii) to a witness at any deposition, hearing or trial in these matters (except that such witnesses shall not retain documents containing such information subsequent to their testimony). A party must, prior to disclosing Confidential information or materials belonging to the other party to a witness (other than a representative or employee of the other party), review the terms and conditions of this Order with the witness and obtain the witness' acknowledgment that he or she is bound by this Order; in addition, the witness should agree in writing to the terms and conditions of this order (such agreement in writing to take the form of Exhibit A hereto); and

(iv) court personnel and court reporters.

8. "Highly Confidential" materials shall be used solely for purposes of this action. No commercial or other use of "Highly Confidential" information or materials belonging to the other party shall be made. "Highly Confidential" materials may include, but are not necessarily limited to, the types of documents which may be designated as "Confidential" as set forth in Paragraph 7, above. However, "Highly Confidential" status shall <u>only</u> apply to information and materials of a trade secret or competitively-sensitive nature, where the disclosure of which to employees of the non-producing party or other persons would necessarily provide a competitive advantage to the non-producing party notwithstanding the covenants contained in this stipulated order against commercial use of such information.

To qualify as "Highly Confidential," the information in question must have been kept confidential and been treated as confidential by the producing party prior to the time of its

4

disclosure in this litigation. Highly Confidential information and materials may only be disclosed to the following persons without leave of Court (except as otherwise provided herein):

    (i) outside independent attorneys of record and of counsel and their associated attorneys, paralegals and clerical staff employed in the preparation and trial of these actions and in-house counsel for any party;

    (ii) court personnel and court reporters; and

    (iii) outside independent experts who are not competitors of the disclosing party and who are not otherwise employed by or affiliated with the parties and who agree in writing to be bound by this protective order (such agreement in writing to take the form of Exhibit A hereto).

A party may not show or disclose "Highly Confidential" information or materials to any witness (other than representatives or employees of the party whose Highly Confidential documents or information will be used) either at deposition or trial unless it informs the other party in writing of its intent to use the "Highly Confidential" documents or information, as set forth below. Such notice shall specifically identify the "Highly Confidential" documents or information that is intended to be used or disclosed at the deposition or trial, as well as the witness who will be shown the documents or information.

If a party intends to use Highly Confidential documents or information belonging to that party in the examination of the other party's representative or employee, notice of that intent must be given no later than two (2) business days before the deposition or trial where that information will be used. Upon receipt of such notice, the representative or employee identified in the notice may review the specified documents or information after executing the form of undertaking attached as Exhibit A.

If a party intends to use Highly Confidential documents or information belonging to the other party in the examination of third parties or the examining party's own representatives or employees, notice of that intent must be given no later than eight (8) business days before the trial or deposition where the documents or information will be used. Upon receipt of such notice, the other party shall have three (3) business days to object in writing to the use of Highly Confidential documents or information. If an objection is received within three (3) business days, the documents or information shall not be disclosed to the witness and the objecting party shall have an additional three (3) business days to make a motion for good cause to the Court to prevent such disclosure or use. If no objection is made within three (3) business days or no motion is filed within the following three (3) business days, the documents or information may be reviewed by the witness named on the notice after executing the form of undertaking attached as Exhibit A. Otherwise, the documents or information at issue shall not be disclosed until further order of the Court. In any event, the parties shall reasonably cooperate to develop protective measures to prevent unauthorized use of Highly Confidential information or material by those to whom it is disclosed.

9. If at any time a party objects to a designation of documents or information as "Confidential" and/or "Highly Confidential" under this Order, the objecting party may notify the designating party in writing. The notice shall identify the documents or information in question, and shall specify in reasonable detail the reason for the objection. The parties shall first endeavor to resolve any such objections without the assistance of the Court. If no resolution is achieved, the party objecting may move the Court for a ruling on the confidentiality of the information.

10. At the time of filing any "Confidential" and/or "Highly Confidential" materials with the Court, the party filing such materials shall file and serve a notice of filing under seal.

11. Each party shall have responsibility, through counsel, to advise the Court and the producing party of any losses or compromises of the confidentiality of information of documents governed by this Order, and for ensuring compliance with the terms of this Order.

12. Within thirty (30) days, following the termination of the above-captioned actions and any Related Proceedings, counsel for each party shall, except as noted below: (1) return all "Confidential" and/or "Highly Confidential" materials to the producing party or destroy such materials, retaining no copies thereof; and (2) certify by affidavit that all "Confidential" and "Highly Confidential" materials have been destroyed and/or returned to the producing party in accordance with this paragraph. Outside counsel may retain litigation materials, but only after identifying such materials to opposing counsel. Such retained materials shall not be disclosed, and access to such retained materials shall not be made available, to any individual or entity other than outside counsel and their associated attorneys, paralegals and clerical staff following termination of the litigation.

13. This Court shall retain jurisdiction to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

**Stipulated by:**

| FABWORX SOLUTIONS, INC.<br>By its attorneys,<br><br>_/s/ Randall C. Doubrava_<br>Randall C. Doubrava (*pro hac vice*)<br>(Texas State Bar No. 06029900)<br>BROWN McCARROLL, LLP<br>98 San Jacinto Blvd., Suite 1300<br>Austin, TX 78701<br>(512) 476-4716<br>Dated: ~~April~~ May 3, 2004 | BROOKS AUTOMATION, INC.<br>By its attorneys,<br><br>_/s/ James W. Stoll_<br>James W. Stoll (BBO #544136)<br>BROWN RUDNICK BERLACK ISRAELS LLP<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8200<br><br>Dated: ~~April~~ May 10, 2004 |
| RICHARD KENT<br>By his attorney,<br><br>_/s/ Randall C. Doubrava_<br>Randall C. Doubrava (*pro hac vice*)<br>(Texas State Bar No. 06029900)<br>BROWN McCARROLL, LLP<br>98 San Jacinto Blvd., Suite 1300<br>Austin, TX 78701<br>(512) 476-4716<br>Dated: ~~April~~ May 3, 2004 | |

**SO ORDERED**

Dated: May 17, 200~~0~~4

_/s/ Marianne B. Bowler, USMJ_
~~Hon. Nancy Gertner~~ MARIANNE B. BOWLER
United States ~~District Court~~ Judge
MAGISTRATE

8

Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKS AUTOMATION, INC., <br>     Plaintiff, <br><br> v. <br><br> FABWORX SOLUTIONS, INC. and <br> RICHARD KENT, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 04-10320-NG <br> ) <br> ) <br> ) <br> ) |

### UNDERTAKING OF _____

STATE OF         )
                           )    ss:
COUNTY OF        )

      I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My current employer is _____, whose address is _____ _____.

3.      My current occupation or job description is _____.

4.      I have received a copy of the Stipulated Confidentiality and Protective Order entered in this case.

5.  I have carefully read and I understand the provisions of the Stipulated Confidentiality and Protective Order.

6.  I will comply with all of the provisions of the Stipulated Confidentiality and Protective Order.

7.  Specifically, I agree to use Confidential and/or Highly Confidential information and/or documents only in connection with these proceedings or in Related Proceedings (as defined in the Stipulated Confidentiality and Protective Order), but only to the same extent and under the same terms and conditions as such materials may be used in these actions. I will hold in confidence, and not disclose to anyone not qualified under the Stipulated Confidentiality and Protective Order, all Confidential and/or Highly Confidential information and/or documents.

8.  I further agree to destroy all Confidential and/or Highly Confidential information that comes into my possession (and any documents or things that I prepare relating thereto) or to return all such information to the attorneys for the producing party or the party whom I have assisted in this proceeding. I will return or destroy such documents either before or upon the conclusion of this proceeding. Upon the return or destruction of all such documents or information, I will certify that I have complied with this paragraph and have no additional documents or information subject to this Order by signing the certification contained at the end of this document.

9.  I understand that if I violate the provisions of the Stipulated Confidentiality and Protective Order I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for such purposes.

_____
(Signature)

Sworn to before me this
this ___ day of _____, 2004

_____
Notary Public

2

## CERTIFICATION OF RETURN OF MATERIALS

STATE OF _____ )
                        ) ss:
COUNTY OF _____ )

        I, _____, being duly sworn, state that I have either (1) duly returned all materials in my possession subject to the Stipulated Confidentiality and Protective order to the attorneys for the producing party or the party whom I have assisted in this proceeding or (2) destroyed all such materials in my possession either before or upon the conclusion of this proceeding in accordance with Paragraph 8 of my sworn Undertaking, and I have no additional Confidential or Highly Confidential materials in my possession, custody or control.

 

_____
(Signature)

Sworn to before me this
this ___ day of _____, 2004

_____
Notary Public

#1269254 v\1 - hermesjp - r7d201!.doc1 - 14663/1

3