UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 18  A II: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| BROOKS AUTOMATION, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 04-10320-GAO |
| | § | |
| FABWORX SOLUTIONS, INC. | § | |
| and RICHARD KENT | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FABWORX SOLUTIONS, INC.'S  MOTION TO COMPEL, AND MEMORANDUM OF REASONS

Defendant, FABWORX SOLUTIONS, INC., files this motion to compel Plaintiff to answer certain interrogatories, produce documents, and undesignate documents and answers as "Highly Confidential."

I.    Procedural Background

On June 21, 2004, Defendant served Plaintiff with Fabworx Solutions, Inc.'s First Set of Interrogatories to Plaintiff (see Exhibit A) and Fabworx Solutions, Inc.'s First Request for Production to Plaintiff (see Exhibit B). Plaintiff's responses were due on July 24, 2004. Plaintiff asked for and received two extensions to their due date. However, Plaintiff still did not file it's responses within the agreed extension time. Plaintiff served its answers to interrogatories (see Exhibit C) on August 23, 2004, and its responses to the requests for production (see Exhibit D) on August 25, 2004.

On August 24, 2004, Defendant sent Plaintiff a letter (see Exhibit E) identifying the interrogatories that had not been fully answered. On September 2, 2004, Defendant sent Plaintiff a letter (see Exhibit F) identifying the documents that had not been produced, and those objections which Defendant believed to be inappropriate. In subsequent conversations with

- 1 -

Plaintiff's counsel, Carla Salvucci, it was Defendant's counsel's understanding that the interrogatories would be supplemented and the documents located and produced. (see also the correspondence in Exhibit G).

On October 4, 2004, Plaintiff faxed to Defendant a purported unverified supplementation to its answers to interrogatories 5 and 6 (see Exhibit H). This supplementation does not satisfy the inadequacies in Plaintiff's interrogatory answers. Plaintiff has not supplemented its document production.

II.    Nature of Allegations in Lawsuit

Plaintiff is alleging that its former employee, Rick Kent, took trade secrets from Plaintiff regarding Plaintiff's robotic arm, and incorporated those trade secrets into a robotic arm manufactured and sold by Defendant Fabworx. Plaintiff also alleges that the vendors it purchases parts from for its arm are trade secrets, and its customers are trade secrets. Defendants deny the allegations and believe that Plaintiff knows that Defendants took no trade secrets, but are being pressured by its customer/distributor, Applied Materials, Inc., to stop the sale of a better product by Fabworx.

III.    Plaintiff's Interrogatory Answers

Set out below are the deficient interrogatory answers, and an explanation as to why they are deficient.

Interrogatory No. 2: Identify all persons who were involved in the research, design, development and/or engineering of the "HP Ultra Arm$^{TM}$."

Answer:    •    Richard Kent
           •    Michael Duhamel
           •    Robert Caveney
           •    Anthony Pietrantonio
           •    Ulysses Gilchrist

Deficiencies: The contact information for the listed individuals was not provided.

- 2 -

Interrogatory No. 4:   Identify each person at Brooks or elsewhere to whom AMI or Brooks provided a list of AMI's installed customer base.  (¶ 11 of your Complaint.)

Answer:
- Richard Kent
- Mike Duhamel
- Phil Sullivan
- Jack Abrams
- Greg Brewer
- Brian Dawson

Deficiencies:  The contact information for the listed individuals was not provided.

Interrogatory No. 5:   State the basis of your contention that "the design drawings, dimensions, material specifications" for the HP Ultra Arm$^{TM}$ are all trade secrets of Brooks, and identify the design drawings, dimensions, material, and specification you contend is a trade secret.  Identify each person at Brooks or elsewhere to whom this alleged trade secret has been disclosed or the information been made available.

Initial Answer:   See the answer to interrogatory in Exhibit C attached hereto and filed under seal and marked Highly Confidential.

Supplemental Answer:   See the answer to interrogatory in Exhibit H attached hereto and filed under seal and marked Highly Confidential.

Deficiencies:  The answer to interrogatory no. 5 should not be designated highly confidential if Plaintiff is contending Defendants took these alleged trade secrets. Defendants need to know what information they allegedly already have.

The answers are not complete.  The language in the answer is indefinite leaving open the possibility there are other alleged trade secrets taken that are not listed. The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention. The answer fails to describe why Plaintiff believes each listed item is secret, and the competitive advantage and value the listed items provide Plaintiff.

Also, no contact information is provided for the listed individuals.

Interrogatory No. 6:   State the basis of your contention that "the manufacturing processes to develop the HP Ultra Arm$^{TM}$" are trade secrets of Brooks and include a description of the specific part or parts of the manufacturing process you contend is a trade secret.  Identify each person at Brooks or elsewhere to whom this alleged trade secret has been disclosed or the information been made available.

Initial Answer:   See the answer to interrogatory in Exhibit C attached hereto and filed under seal and marked Highly Confidential.

Supplemental Answer:   See the answer to interrogatory in Exhibit H attached hereto and filed under seal and marked Highly Confidential.

Deficiencies:   This interrogatory asks Plaintiff to describe the portions of the manufacturing process which Brooks is claiming is a trade secret that was allegedly misappropriated by Defendants.   The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention. The answer to this interrogatory fails to identify any specific process within the manufacturing process that Brooks is contending is trade secret.   The answer fails to describe why Plaintiff believes each listed item is a secret, the competitive advantage of the item, what about the item makes it valuable.   Documents which describe the alleged trade secret process are not identified. The contact information for the individuals is not provided.

Interrogatory No. 7:   State the basis of your contention that the "manufacturing vendors" of the HP Ultra Arm™ are trade secrets of Brooks, and identify the "manufacturing vendors" you contend are trade secrets.   Identify each person at Brooks or elsewhere to whom this alleged trade secret has been disclosed or the information been made available.

Answer:   See the answer to interrogatory in Exhibit C attached hereto and filed under seal and marked Highly Confidential.

Deficiencies:   The answer to interrogatory no. 7 should not be designated highly confidential if Plaintiff is contending Defendants took these alleged trade secrets. Defendants need to know what information they allegedly already have. The answer fails to state Plaintiff's contention as to why the identity of the "vendors" is a trade secret. Why is it valuable, secret information? Plaintiff also fails to identify any documents that support its position that the identity of the vendors is a trade secret. Furthermore, Plaintiff lists seven vendors which Brooks is contending are trade secrets; however, no contact information is provided with regard to these vendors, nor are any individuals identified at these vendors who would have knowledge of the secrecy of the identity of their company.   The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention.

Interrogatory No. 8:   State the basis of your contention that the design of the Fabworx's robot arms is identical to the Brooks HP Ultra Arm™   and state your contention as to whether any similarities would be required by AMI's platform for use of the arm.

Answer:   The arm design is identical and the improvements are similar.   Only improvements are for ease of alignment and sub-module sell points.

Deficiencies:   Plaintiff's answer to this interrogatory just repeats the interrogatory itself by stating that the two are similar. Is Plaintiff contending that everything about the Fabworx robot arm is identical to Plaintiff's arm, including all dimensions, materials, limitations, design limitations...?   Furthermore, Plaintiff fails to state its contention as to whether any similarities between the Fabworx arm and the Brooks arm are required by AMI's (Applied Materials, Inc.) platform for use of the arm.   There are certain inherent design requirements for the use of this

- 4 -

arm in AMI's platform. Is Plaintiff contending that these inherent requirements are also somehow their trade secret? Similarly, the AMI arm, that the Brooks HP Ultra Arm is designed to replace, is also very similar in appearance to the Brooks arm? Is Plaintiff claiming that this AMI arm contains Brooks trade secret information also? This answer fails to provide a detailed response as to how the design of the Fabworx arm is identical to the HP Ultra Arm, taking into consideration the inherent requirements of the platform and the earlier design of the AMI arm. The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention.

Interrogatory No. 9: State the basis of your contention that Kent has directly solicited the AMI customers disclosed by AMI to Brooks in confidence, and include identification of the customers solicited, and identification of the customers allegedly disclosed in confidence, when they were disclosed, by whom, and to whom. Identify any persons with knowledge relevant to your answer.

Answer: See the answer to interrogatory in Exhibit C attached hereto and filed under seal and marked Highly Confidential.

Deficiencies: The answer to interrogatory no. 9 should not be designated highly confidential if Plaintiff is contending Defendants took these alleged trade secrets. Defendants need to know what information they allegedly already have, and what customers they allegedly solicited, in order to be able to provide testimony to rebut these allegations. The answer to this interrogatory fails to describe any factual support for the contention that Kent directly solicited AMI customers disclosed by AMI to Brooks in confidence. The answer fails to identify the "customers allegedly disclosed in confidence," "when they were disclosed," "by whom," and "to whom." This answer fails to identify those persons with knowledge concerning both the alleged disclosures and the alleged solicitations of AMI customers. The answer provides only a list of names of businesses, with no contact information, and no specific individuals at those businesses who may have knowledge. The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention.

Interrogatory No. 10: State the basis of your contention that Fabworx has used Brooks' vendors to manufacture its robot arm as well as the Brooks manufacturing processes, and include an explanation of why Brooks' contends these vendors are exclusive to Brooks. Identify any persons with knowledge relevant to your answer.

Answer: Brooks works with vendors, under non-disclosure agreements, to create Brooks specific components for pads, bearings and tensioning devices.

In some instances, the vendors make specific tools in order to manufacture components for Brooks, and Brooks paid for these tools. In all instances, the vendors manufactured to Brooks' specifications and such vendors were subject to confidentiality agreements.

Deficiencies: The answer to this interrogatory fails to identify which vendors Fabworx has allegedly used, and fails to identify the "Brooks' manufacturing processes" that Fabworx

AUS:2509397.1
50626.1

allegedly used. It also fails to include an explanation of why Plaintiff contends these vendors are exclusive to Brooks. While it does state that Brooks contends that these vendors were under non-disclosure agreements not to disclose the work that they did for Brooks, it does not state that these vendors were in violation of these non-disclosure agreements by manufacturing or selling products to Fabworx. Nor does Plaintiff describe why these vendors are restricted in their sales to Brooks only. Furthermore, Plaintiff fails to identify any persons with knowledge either at the vendor, or at Brooks. The answer fails to follow local rule 26.5(c)(8), which requires identification of supporting documents, communications, acts or other facts that form the basis of Plaintiff's contention.

Interrogatory No. 14: State all facts of which you are aware that rebut Fabworx's and Kent's assertion that the design and dimensions of the HP Ultra Arm$^{TM}$ are not trade secrets because they are ascertainable from an examination of the arm upon public sale or display.

Answer: Plaintiff objects on the grounds that the interrogatory is vague and ambiguous in that Fabworx and Kent have never articulated facts to support the assertion that any component of the Brooks HP Ultra arm could be reversed engineered, and the interrogatory requires Brooks to divine what argument Fabworx and Kent are asserting.

In further answering, the trade secrets identified in Interrogatory 5 are trade secrets involving physical properties and manufacturing processes not readily discernable by so called reverse engineering. Moreover, the vendor and customer lists, and the pricing structure are not subject to so-called reverse engineering.

Deficiencies: Plaintiff failed to answer this interrogatory claiming that it is vague. In response to interrogatory no. 5, Plaintiff is required to identify those dimensions and drawings and specifications of the arm that it contends is a trade secret. Plaintiff has failed to describe its contention as to how each of these specific items are somehow hidden and remain secret even after an examination of the HP Ultra Arm™.

Interrogatory No. 16: Identify each person with AMI with whom someone from Brooks has had a communication concerning this lawsuit, the allegations in this lawsuit, Fabworx, Richard Kent, or Mike Dailey, and identify the parties to the communication, the date of the communication and the substance of the communication.

Answer: Loretta Peters, AMI inside patent counsel, May through August time frame, regarding non-disclosure agreements, introduction to AMI outside counsel, scheduling technical review with AMI outside counsel and technical consultant.

Kevin Greteman, Director in AMI Global Services organization, made Brooks aware of Fabworx selling AMI/Brooks knock off arms.

Deficiencies: In responding to this interrogatory, Plaintiff provided the names of two individuals at AMI (Applied Materials, Inc.); however, Plaintiff failed to identify the individuals at Brooks who were parties to these communications. Furthermore, Brooks failed to provide contact information for both of the AMI individuals. In addition, with regard to the contact with Loretta

AUS:2509397.1
50626.1

Peters, Plaintiff fails to specify the year this contact occurred. With regard to Kevin Greteman, Plaintiff fails to specify a date of this contact. The answer fails to identify the parties to the communication, the date of the communication, and the substance of the communication.

Interrogatory No. 17: Identify any former employee of Brooks who while employed with Brooks worked on the design, manufacturing, or sale of the Brooks' " HP Ultra Arm$^{TM}$", or any predecessor to it by another name.

Answer:    •    Richard Kent
           •    Taun Ha
           •    Al Locker

Deficiencies: With regard to this response, Plaintiff lists three former employees of Brooks; however, no contact information is provided.

Interrogatory No. 18: Identify all persons who may have knowledge of relevant facts, and describe the subject areas of their knowledge.

Answer:    •    Mike Duhamel, Product Manager for Brooks HP Ultra upgrade program, marketing information;
           •    Robert Caveny, Engineering Director for Brooks HP Ultra upgrade program, engineering information;
           •    Todd Bottomley, Ulysses Gilchrist, Tony Pietrantonio, Dennis Poole, Engineers or Engineering Managers for Brooks HP Ultra upgrade program, engineering information; and
           •    Jack Abrams, Sales Vice President for UP Ultra upgrade program, sales information.

Deficiencies: In answering this interrogatory, Plaintiff lists only four individuals; however, given Plaintiffs' allegations it is inconceivable that these are the only individuals who may have knowledge of facts. The list does not even include Phil Sullivan, who had supervisory responsibility over the Brooks HP Ultra Arm program and Brooks agreement with Applied Materials for the sale of the arm. Phil Sullivan's employment was recently terminated, and Defendant needs the last know contact information for Mr. Sullivan. No contact information is provided for the individuals listed.

IV.    Plaintiff's Document Responses

Set out below are the deficient document responses, and an explanation as to why they are deficient. In general it does not appear the Plaintiff has made a good faith attempt to locate and produce the requested documents. Plaintiff only produced 89 pages of documents, and there are glaring omissions from the production.

Request No. 2: All documents concerning any internal or external analysis, or opinions regarding the question of the Fabworx Arm allegedly using any of your trade secrets.

- 7 -

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request in that it may call for attorney-client and attorney-work product privileged information.

Deficiencies: With respect to request no. 2, Plaintiff objected and is refusing to produce documents. Unless Plaintiff is claiming a privilege for certain documents, documents responsive to this request should be produced. It would appear that prior to even filing this lawsuit, Plaintiff's personnel would have reviewed the Fabworx arm to determine if any of Brooks' trade secret information was used in the arm. In fact, an email produced by Plaintiff dated 8/21/03 references an attached document comparing the Brooks arm to the Fabworx arm; however, the attachment was not produced. ( see document bates numbered BR 000006 in Exhibit N).

Request No. 16: All documents concerning the marketing of the Brooks HP Ultra Arm™.

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies: With respect to request no. 16, Defendant requested documents concerning the marketing of the Brooks HP Ultra Arm. This request essentially seeks information as to whether the HP Ultra Arm is and has been currently marketed or whether it is being phased out by Brooks or Applied Materials. This request should encompass emails, marketing plans, sales planning documents, any document discussing a phase out for the sales of the HP Ultra Arm for this specific platform. The marketing brochures and marketing presentations are also needed since they relate to whether any of the technology is a secret, and what Brooks thought was important in their technology. From their production it appears that Plaintiff only produced one marketing document, a document that appears to have been used as part of a presentation. Plaintiff should be required to fully respond to this request.

Request No. 38: All documents concerning the "Voluntary Layoff Program" that Kent elected to participate in when he left Brooks in October 2001. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 37).

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies: Defendant Rick Kent was a participant in the voluntary layoff when he left Brooks for the second time. Plaintiff is contending that Mr. Kent was working on the Ultra Arm project prior to this layoff, and Defendant Kent contends he was not. These documents may relate to this dispute, as well as may provide a basis for other defenses including waiver of any alleged contract requirements for confidentiality.

Request No. 51: All documents sufficient to show the organizational structure of Brooks, including any employee lists. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 50).

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

- 8 -

Deficiencies: With respect to request no. 51, Defendant requests documents showing organizational structure of Brooks and any employee list. Plaintiff objected to this request; however, this information is relevant and is necessary to determine which individuals may have knowledge of the facts in this case, as well as what role any employee may have played.

Request No. 60: The employment file for all former employees identified in response to interrogatory no. 17. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 59).

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies: Plaintiff's objection should be overruled. Phil Sullivan may be an important witness in this case having knowledge of both the initial termination of Richard Kent, and the exclusive contract that was entered into with Applied Materials by Brooks for the sale of the HP Ultra Arm, along with the development of the HP Ultra Arm. Phil Sullivan was recently terminated by Brooks from his position.

Request No. 63: All communications with vendors concerning Fabworx, this lawsuit, Richard Kent, or Mike Dailey. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 62).

Answer: Plaintiff has no such documents.

Deficiencies: Defendant has been informed from certain vendors that the vendors have been contacted by someone at Brooks concerning Fabworx, the lawsuit, and Richard Kent. Plaintiff needs to further research its files for responsive documents.

Request No. 64: A copy of Brooks' Business Plan and marketing plan in effect for the years 2000 to the present. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 63).

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies: Plaintiff is asserting damages in the form of lost profits against Defendants in this case. This request relates to this claim. Defendants have reason to believe that Brooks and Applied Materials are planning not to market the HP Ultra Arm and have had a plan in place to phase out this product, and introduce new technology.

Request No. 65: A copy of Brooks' tax returns for the years 2000 to the present. (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 64).

Answer: Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies: This request relates to a calculation of lost profits.

Request No. 66:  A copy of Brooks' year end general ledgers for the years 2000 to the present, and the most recent month end general ledger.  (Note: Plaintiff mislabeled this interrogatory in its responses as Request No. 65).

Answer:  Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

Deficiencies:  This request relates to a calculation of lost profits.

    In addition to the objections asserted to the above requests, Plaintiff has failed to produce the following categories of documents:

    1) Documents dealing with lost sales, lost profits, or historical sales data for the HP Ultra Arm.  (See Request No. 58).

    2) All design drawings and reports for the Brooks Arm. (See Request No. 37).

    3) Documents concerning the research or development of the Brooks HP Ultra Arm. (See Request Nos. 3, 6, 7, and 8).

    4) All the emails regarding the Brooks HP Ultra Arm.  (See Request No. 9).

    5) Documents evidencing client lists or potential client lists. (See Request Nos. 18 and 21).

    6) Documents reflecting Brooks' policy on protecting trade secret information.  (See Request No. 26).

    7) Documents comparing the Brooks arm to the Fabworx arm.  (See Request No. 14).

    8) Documents reflecting a vendor list for Brooks.  (See Request No. 27).

    9) Documents that show the cost or a cost breakdown of the cost to develop the Brooks HP Ultra Arm.  (See Request No. 36).

    10) Documents concerning contracts or communications with vendors concerning those contracts. (See Request No. 63).

    11) Brooks' attorney fee contract and attorney fee invoices were not produced.  (See Request No. 47).

    12) Copies of contracts by third parties to purchase the HP Ultra Arm. (See Request No. 59).

    13) The employment files for the former employees who worked with the HP Ultra Arm identified in response to interrogatory no. 17.  (See Request No. 61).

- 10 -

14) Information in Brooks' possession, concerning the development and design of the Brooks HP Ultra Arm, should also include information concerning the then existing Applied Materials HP and HP Plus arm that the Brooks HP Ultra Arm was designed to replace. None of this information was produced. (See Request Nos. 3, 6, 7, and 8).

15) Communications between Brooks and Applied Materials concerning sales or sales strategy for the HP Ultra Arm, or any proposals for updates, redesign or modifications for the Brooks HP Ultra Arm were not produced. (See Request No. 32).

## V.    Dedesignate Information Marked as Highly Confidential

The parties entered into an agreed Confidentiality Order (attached as Exhibit I) that allows the parties to designate information as Confidential (basically for use only in this lawsuit) and Highly Confidential (cannot be shown to employees of a party, but can be shown to attorneys and third party experts). Plaintiff has designated information as Highly Confidential that Defendant's counsel believes should be shown to the Defendants, and their employees, in order for Defendants to be able to adequately defend and make decisions concerning this lawsuit. Plaintiff has designated its response to Interrogatory Nos. 5, 6, 7, and 9 as "Highly Confidential." Plaintiff seeks to prevent Defendants from knowing what Plaintiff is claiming are the trade secrets taken by Defendants. If Plaintiff believes that Defendants took this information, then why prevent Defendants from knowing what they allegedly took? How can Defendants even testify with respect to the alleged trade secret, if they do not even know what they are being accused of?

Similarly, Plaintiff has produced documents that appear to show that Defendant Rick Kent created the documents while at Fabworx. (See documents filed under seal in attached Exhibit J). Plaintiff has claimed these documents to be "Highly Confidential." With this designation, Plaintiff can examine Mr. Kent on the contents of these documents without Mr.

- 11 -

Kent having the opportunity to review them. If Mr. Kent created these documents, then Plaintiff has no legitimate interest in keeping Mr. Kent from seeing these documents.

Plaintiff has also labeled as "Highly Confidential" copies of mutual nondisclosure agreements with its vendors. (See documents filed under seal in attached Exhibit K). The documents themselves contain no confidential information. Apparently, these documents were labeled "Highly Confidential" to keep Defendants from knowing the identity of the vendors that Plaintiff is contending is a trade secret taken by Defendants.

Plaintiff has also labeled as "Highly Confidential" what appears to be a marketing presentation for its HP Ultra Robot arm. (See documents filed under seal as Exhibit L). It is the technology from this arm that Plaintiff is claiming is its trade secret taken by Defendants. It is important for Defendants Fabworx and Kent to be able to review this document so they can testify that Defendants' arm is not the same as Plaintiff's arm, and Plaintiff's arm is not a secret.

Finally, Plaintiff has labeled emails between itself and Applied Materials as "Confidential" and "Highly Confidential" (the "confidential" emails are attached as Exhibit M, and the "Highly Confidential" emails are attached as Exhibit N). Plaintiff's "Confidential" and "Highly Confidential" designations prevent Defendants from being able to provide these emails to the Federal Trade Commission, and State Attorney General's Office for further investigation of possible anticompetitive conduct. Furthermore, other than the anticompetitive statements, there is no confidential information in these emails.

WHEREFORE, Defendants request that this motion be granted; that Plaintiff be ordered to provide full and complete responses to the interrogatories and requests for production; that Plaintiff be ordered to produce the documents requested; that the information described above be

- 12 -

dedesignated as "Highly Confidential" or "Confidential;" and for such other and further relief that is fair and just.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress, Suite 1400
Austin, Texas 78701
(512) 472-5456 (Telephone)
(512) 479-1101 (Facsimile)

By: _Randall C. Donl_

THOMAS H. WATKINS
State Bar No. 20928000
ALBERT A. CARRION, JR.
State Bar No. 03883100
RANDALL C. DOUBRAVA
State Bar No. 06029900

JOHN J. REGAN
State Bar No. 415120
HALE AND DORR, L.L.P.
60 State St.
Boston, Massachusetts 02109
(617) 526-6000 (Telephone)
(617) 526-5000 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

The undersigned certifies that the provisions of Local Rule 37.1 have been complied with, that attempts to resolve this discovery dispute have been made and have failed, that a discovery conference was held by telephone with counsel for Plaintiff Carla Salvucci after the letters in Exhibits E and F were sent to Plaintiff, and the dispute has not been resolved.

_Randall C. Darl_

Randall C. Doubrava

- 13 -

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been sent to the parties listed below on this _____15_____ day of ___*October*_____, 2004.

**VIA CERTIFIED MAIL**
James W. Stoll
Brian L. Michaelis
Carla A. Salvucci
BROWN RUDNICK BERLACK ISRAELS, L.L.P.
One Financial Center
Boston, MA 02111


RANDALL C. DOUBRAVA

- 14 -