# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKS AUTOMATION, INC.,<br>    Plaintiff,<br><br>v.<br><br>FABWORX SOLUTIONS, INC. and<br>RICHARD KENT,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      CIVIL ACTION NO.<br>     04-10320-NG |

## PLAINTIFF BROOKS AUTOMATION, INC.'S
## RESPONSE TO DEFENDANT FABWORX SOLUTIONS, INC.'S
## MOTION TO COMPEL

Pursuant to Local Rule 37.1 (C), the Plaintiff, Brooks Automation, Inc. ("Brooks), files

this Response to Defendant Fabworx Solutions, Inc.'s ("Fabworx") Motion to Compel and

requests that the Court find that full and complete responses to the interrogatories and requests

for production have been provided, and accordingly, deny the Defendant's Motion.

## I.    PROCEDURAL BACKGROUND

After Brooks responded to Fabworx' First Set of Interrogatories and First Request for

Production, Brooks' counsel, Carla A. Salvucci ("Salvucci"), received from the Defendants'

counsel, Randall C. Doubrava ("Doubrava"), two letters of August 24, 2004, and September 2,

2004, describing Fabworx' dissatisfaction with Brooks' discovery responses.  Salvucci

responded to these concerns by telephone calls and letters to Doubrava, and most importantly,

the submission of supplemental discovery responses.  Specifically, an unexecuted version of

Brooks' Supplemental Answers to Interrogatories on October 4, 2004, an executed version of

that same document on October 7, 2004, and a supplemental production of documents on

**CONFIDENTIAL**

October 20, 2004. Most recently, on October 29, 2004, Brooks provided a second set of supplemental answers and production of documents.

The letters from Doubrava failed to request the discovery conference required by Local Rule 37.1 prior to filing a Motion to Compel. Additionally, at no point during any of the subsequent conversations between Salvucci and Doubrava did Doubrava suggest that the parties engage in a discovery conference. Further, on October 4, 2004, in response to Doubrava's concerns relative to disclosing information to Richard Kent ("Kent") and Mike Dailey ("Dailey), Salvucci faxed Doubrava a letter inviting discussions about amending the Stipulated Confidentiality and Protective Order ("Order") to accommodate Doubrava's request to disclose Brooks' Answers to Kent and Dailey. This letter went unanswered by Doubrava. Shortly thereafter, Plaintiff's counsel was served with the Defendants' Motion to Compel.

Since Defendants' counsel failed to even attempt to schedule a discovery conference and never responded to Salvucci's offer to discuss amending the Order, the Motion to Compel is premature, and the assertion that "attempts to resolve this discovery dispute have been made and have failed" is incorrect. In compliance with Local Rule 37.1, Salvucci offered to confer with Defendant's counsel on Tuesday, October 26, 2004. While that conversation occurred, Doubrava refused to recognize it as the required Local Rule 37.1 discovery conference because he incorrectly believes that such conference already occurred.

Further, since the filing of such Motion, Brooks has provided full and complete responses to the interrogatories and requests for production. Accordingly, the Defendant's Motion to Compel is unnecessary and should be denied.

## II.    NATURE OF ALLEGATIONS IN LAWSUIT

Plaintiff alleges that Fabworx's employ of Richard Kent, Plaintiff's former employee, resulted in the breach of an employee non-disclosure agreement, misappropriation of trade secrets, and unjust enrichment.

**CONFIDENTIAL**

Defendants deny Plaintiff's allegations and assert that the information used in the design of Fabworx's robot arm is public knowledge rather than a trade secret. Defendants further assert that the non-disclosure agreement is an unreasonable restraint on trade and is being used by Plaintiff as a non-competition agreement without reasonable restrictions on geographic scope, time, or subject matter.

## III.    PLAINTIFF'S INTERROGATORY ANSWERS

### INTERROGATORY NO. 2:

Identify all persons who were involved in the research, design, development and/or engineering of the "HP Ultra Arm™."

### ANSWER TO INTERROGATORY NO. 2:

- Richard Kent
- Michael Duhamel
- Robert Caveney
- Anthony Pietrantonio
- Ulysses Gilchrist

### SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:

- Richard Kent
  FABWORX SOLUTIONS, INC.
  122 Cheney Road
  Newbury NH 03255
  Phone: 603.938.5658

- Robert Caveney
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

- Anthony Pietrantonio
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

3

CONFIDENTIAL

- Michael Duhamel
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

- Ulysses Gilchrist
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

## ARGUMENT:

This interrogatory has been satisfied by Brooks' Supplemental Answer to Interrogatory No. 2.

## INTERROGATORY NO. 4:

Identify each person at Brooks or elsewhere to whom AMI or Brooks provided a list of AMI's installed customer base.  (¶ 11 of your Complaint.)

## ANSWER TO INTERROGATORY NO. 4:

- Richard Kent
- Mike Duhamel
- Phil Sullivan
- Jack Abrams
- Greg Brewer
- Brian Dawson

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:

- Richard Kent
  FABWORX SOLUTIONS, INC.
  122 Cheney Road
  Newbury NH 03255
  Phone: 603.938.5658

**CONFIDENTIAL**

- Mike Duhamel
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

- Phil Sullivan
  *Former Brooks Employee*
  Last known address:
  17 Anna Drive
  Danvers, MA 01932

- Jack Abrams
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

- Greg Brewer
  *Former Brooks Employee*
  Last known address:
  33 Belleau Road
  Salem, MA  01970

- Brian Dawson
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400BROOKS AUTOMATION

## ARGUMENT

This interrogatory has been satisfied by Brooks' Supplemental Answer to Interrogatory

No. 4.

## INTERROGATORY NO. 5:

State the basis of your contention that "the design drawings, dimensions, material,

specifications" for the HP Ultra Arm™ are all trade secrets of Brooks, and identify the design

drawings, dimensions, material, and specification you contend is a trade secret.  Identify each

person at Brooks or elsewhere to whom this alleged trade secret has been disclosed or the

information been made available.

CONFIDENTIAL

**ANSWER TO INTERROGATORY NO. 5:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see Plaintiff's full response filed under seal.**

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see Plaintiff's full response filed under seal.**

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see Plaintiff's full response filed under seal.**

**ARGUMENT:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see Plaintiff's full response filed under seal.**

CONFIDENTIAL

**INTERROGATORY NO. 6:**

State the basis of your contention that "the manufacturing processes to develop the HP

Ultra Arm™ are trade secrets of Brooks and include a description of the specific part or parts of

the manufacturing process you contend is a trade secret. Identify each person at Brooks or

elsewhere to whom this alleged trade secret has been disclosed or the information been made

available.

**ANSWER TO INTERROGATORY NO. 6:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so

designated by the Stipulated Confidentiality and Protective Order are permitted to review the

complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation,

Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see**

**Plaintiff's full response filed under seal.**

**SUPPLEMENTAL ANSWER TO INTERROGATORIES 5 & 6**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so

designated by the Stipulated Confidentiality and Protective Order are permitted to review the

complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation,

Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see**

**Plaintiff's full response filed under seal.**

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6:**

This Interrogatory seeks **Highly Confidential** information.  Only such persons so

designated by the Stipulated Confidentiality and Protective Order are permitted to review the

complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation,

Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see**

**Plaintiff's full response filed under seal.**

CONFIDENTIAL

**ARGUMENT:**

This Interrogatory seeks **Highly Confidential** information. Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel. **Please see Plaintiff's full response filed under seal.**

**INTERROGATORY NO. 7:**

State the basis of your contention that the "manufacturing vendors" of the HP Ultra Arm™ are trade secrets of Brooks, and identify the "manufacturing vendors" you contend are trade secrets. Identify each person at Brooks or elsewhere to whom this alleged trade secret has been disclosed or the information been made available.

**ANSWER TO INTERROGATORY NO. 7:**

This Interrogatory seeks **Highly Confidential** information. Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel. **Please see Plaintiff's full response filed under seal.**

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7:**

This Interrogatory seeks **Highly Confidential** information. Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel. **Please see Plaintiff's full response filed under seal.**

**CONFIDENTIAL**

**ARGUMENT:**

This Interrogatory seeks **Highly Confidential** information. Only such persons so designated by the Stipulated Confidentiality and Protective Order are permitted to review the complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation, Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel. **Please see Plaintiff's full response filed under seal.**

**INTERROGATORY NO. 8**

State the basis of your contention that the design of the Fabworx's robot arms is identical to the Brooks HP Ultra Arm™ and state your contention as to whether any similarities would be required by AMI's platform for use of the arm.

**ANSWER TO INTERROGATORY NO. 8:**

The arm design is identical and the improvements are similar. Only improvements are for ease of alignment and sub-module sell points.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 8:**

Only Brooks' Arm fits into the AMI platform. To properly fit the AMI platform, there must be exact knowledge of Brooks' picks and places the wafer.

**ARGUMENT:**

On June 30, 2004, a technical expert conducted a visual inspection of the Fabworx Arm but whereas Fabworx restricted Brooks from taking and drawing pictures, and disassembling the Fabworx Arm, Brooks' contention is based on pictures obtained from Fabworx' website and that are included in documents BR 000053 - BR 000058, as well as, technical descriptions on that website.

**INTERROGATORY NO. 9:**

State the basis of your contention that Kent has directly solicited the AMI customers disclosed by AMI to Brooks in confidence, and include identification of the customers solicited,

CONFIDENTIAL

and identification of the customers allegedly disclosed in confidence, when they were disclosed,

by whom, and to whom. Identify any persons with knowledge relevant to your answer.

### ANSWER TO INTERROGATORY NO. 9:

This Interrogatory seeks **Highly Confidential** information.  Only such persons so

designated by the Stipulated Confidentiality and Protective Order are permitted to review the

complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation,

Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see**

**Plaintiff's full response filed under seal.**

### ARGUMENT:

This Interrogatory seeks **Highly Confidential** information.  Only such persons so

designated by the Stipulated Confidentiality and Protective Order are permitted to review the

complete answer provided in the Highly Confidential version of Plaintiff Brooks Automation,

Inc.'s Response to Defendant Fabworx Solutions, Inc.'s Motion to Compel.  **Please see**

**Plaintiff's full response filed under seal.**

### INTERROGATORY NO. 10

State the basis of your contention, that Fabworx has used Brooks' vendors to manufacture

its robot arm as well as the Brooks **manufacturing** processes, and include an explanation of why

Brooks' contends these vendors are exclusive to Brooks. Identify any persons with knowledge

relevant to your answer.

### ANSWER TO INTERROGATORY NO. 10:

Brooks worked with vendors, under non-disclosure agreements, to create Brooks specific

components for pads, bearings and tensioning devices.

In some instances, the vendors made specific tools in order to manufacture components

for Brooks, and Brooks paid for these tools.  In all instances, the vendors manufactured to

Brooks' specifications and such vendors were subject to confidentiality agreements.

**CONFIDENTIAL**

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 10:

An inspection of the Arm revealed that it contains pan pads that, to the best of Brooks' knowledge, are manufactured by DBR Industries Inc. exclusively.

## ARGUMENT:

The exclusivity of the relationship between Brooks and some vendors is supported by documents BR 00068 – BR 00073.

## INTERROGATORY NO. 14

State all facts of which you are aware that rebut Fabworx's and Kent's assertion that the design and dimensions of the HP Ultra Arm™ are not trade secrets because they are ascertainable from an examination of the arm upon **public** sale or display.

## ANSWER TO INTERROGATORY NO. 14:

Plaintiff objects on the grounds that the interrogatory is vague and ambiguous in that Fabworx and Kent have never articulated facts to support the assertion that any component of the Brooks HP Ultra arm could be reversed engineered, and the interrogatory requires Brooks to divine what argument Fabworx and Kent are asserting.

In further answering, the trade secrets identified in Interrogatory 5 are trade secrets involving physical properties and manufacturing processes not readily discernable by so called reverse engineering. Moreover, the vendor and customer lists, and the pricing structure are not subject to so-called reverse engineering.

## ARGUMENT:

Supplemental Answers to Interrogatories No. 5 & 6 and Documents BR 000122 – BR 000138; Documents BR 000075 - BR 000089; and BR 000276 – BR 000318 support Brooks' contentions that the dimensions, drawings, and specifications of the Arm are trade secrets.

**CONFIDENTIAL**

## INTERROGATORY NO. 16

Identify each person with AMI with whom someone from Brooks has had a communication concerning this **lawsuit**, the allegations in this lawsuit, Fabworx, Richard Kent, or Mike Dailey, and identify the parties to the communication, the date of the communication and the substance of the communication.

## ANSWER TO INTERROGATORY NO. 16:

Loretta Peters, AMI inside patent counsel, May through August time frame, regarding non-disclosure agreements, introduction to AMI outside counsel, scheduling technical review with AMI outside counsel and technical consultant.

Kevin Greteman, Director in AMI Global Services organization, made Brooks aware of Fabworx selling AMI/Brooks knock off arms.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 16:

The other persons involved in such conversations are:

- Loretta Peters
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Kevin Greteman
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Brian Dawson
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824 U.S.A.
  Tel: +978-262-2400

**CONFIDENTIAL**

- Michael Duhamel
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824 U.S.A.
  Tel: +978-262-2400

- Mitchell Drew
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824 U.S.A.
  Tel: +978-262-2400

- Brad Novak
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Manfred Oswald
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Caroline Schwuchow
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- John Doricko
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Kevin Hill
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Rich Pickreign
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824 U.S.A.
  Tel: +978-262-2400

CONFIDENTIAL

The following individuals were copied in on, or forwarded the communications:

- Thomas Wimmer
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Guenter Seel
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Ralf Miche
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Michael Lakner
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Fares Khodr
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Bernd Hinsche
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Tirso Bigata
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

**CONFIDENTIAL**

- Jos Struker
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Michael Seehafar
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- David J. Fried, Vice President
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Gary Robertson, General Manager
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Ortun Grahl
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Luntz Rimpel
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Wolfgang Binder
  Applied Materials, Inc.
  3050 Bowers Avenue
  P.O. Box 58039
  Santa Clara, CA  95054-3299

- Tom Grilk
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

CONFIDENTIAL

- Christopher Hofmeister
  BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

The substance of electronic conversations are satisfied by documents BR 000001 – BR 000006, and BR 000050 - 000052.  The email conversations occurred during August 2003, December 2003, and June 2004.

**ARGUMENT:**

Brooks' Supplemental Answer completes the response to Interrogatory No. 16.  The substance of electronic conversations are satisfied by documents BR 000001 – BR 000006, and BR000050 - 000052.

**INTERROGATORY NO. 17**

Identify any former employee of Brooks' who while employed with Brooks worked on the design, manufacturing, or sale of the Brooks' "HP Ultra Arm™," or any predecessor to it by another name.

**ANSWER TO INTERROGATORY NO. 17:**

- Richard Kent
- Taun Ha
- Al Locker

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17:**

- Richard Kent
  FABWORX SOLUTIONS, INC.
  122 Cheney Road
  Newbury NH 03255
  Phone: 603.938.5658

- Taun Ha
  *Former Brooks Employee*
  90 High Street #308
  Dedham, MA  02026

**CONFIDENTIAL**

- Al Locker
  *Former Brooks Employee*
  Last known address:
  11 Eagle's Nest Road
  Westford, MA  01886

## ARGUMENT:

Brooks' Supplemental Answer completes the response to Interrogatory No. 17.  Phil Sullivan was the Vice President of Global Services and never worked on the design, manufacture, or sale of the Brooks Arm.

## INTERROGATORY NO. 18

Identify all persons who may have knowledge of relevant facts, and describe the subject areas of their knowledge.

## ANSWER TO INTERROGATORY NO. 18:

- Mike Duhamel, Product Manager for Brooks HP Ultra upgrade program, marketing information;

- Robert Caveny, Engineering Director for Brooks HP Ultra upgrade program, engineering information;

- Todd Bottomley, Ulysses Gilchrist, Tony Pietrantonio, Dennis Poole, Engineers or Engineering Managers for Brooks HP Ultra upgrade program, engineering information; and

- Jack Abrams, Sales Vice President for UP Ultra upgrade program, sales information.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:

All the individuals listed in the Answer to Interrogatory No. 18 are Brooks employees.

The contact information for each is:

- BROOKS AUTOMATION
  15 Elizabeth Drive
  Chelmsford, MA 01824
  Tel: 1-978-262-2400

## ARGUMENT:

Brooks' Supplemental Answer completes the response to Interrogatory No. 18.



## IV.    PLAINTIFF'S DOCUMENT REQUESTS

### REQUEST NO. 2:

All documents concerning any internal or external analysis, or opinions regarding the question of the Fabworx Arm allegedly using any of your trade secrets.

### RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request in that it may call for attorney-client and attorney-work product privileged information.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:

Brooks produces Document BR 000006 entitled "Fabworx Product Assessment." See also Document BR 000067.

### ARGUMENT:

Brooks' Supplemental Response to Request No. 2 completes Request No. 2.

### REQUEST NO. 16:

All documents concerning the marketing of the Brooks HP Ultra Arm™

### RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:

- HP Ultra Robot (BR 000327);

- Design Concept for HP Ultra Robot (BR 000337 – BR 000340);

- Penetration Status (BR 000342); and

- Beta Evaluation Customers (BR 000344 – BR000348).

### ARGUMENT:

The following documents have been produced in satisfaction with this request:



- HP Ultra Robot Arm Upgrade (BR 000018 – BR 000036);

- Upgrade Package for Applied Material HP Robots (BR 000061 – BR 000062);

- HP Ultra Robot (BR 000327);

- Design Concept for HP Ultra Robot (BR 000337 – BR 000340);

- Penetration Status (BR 000342); and

- Beta Evaluation Customers (BR 000344 – BR000348).

**REQUEST NO. 38:**

All documents concerning the "Voluntary Layoff Program" that Kent elected to

participate in when he left Brooks in October 2001.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the

discovery of admissible evidence, and that it seeks confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

In further response, Brooks produces Documents BR 000321 – 000325.

**ARGUMENT:**

The provided documents have satisfied Request No. 38.

**REQUEST NO. 51:**

All documents sufficient to show the organizational structure of Brooks, including any

employee lists.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the

discovery of admissible evidence, and that it seeks confidential information.

**ARGUMENT:**

All documents depicting the organizational structure of Brooks have been produced.

**CONFIDENTIAL**

**REQUEST NO. 60:**

The employment file for all former employees identified in response to Interrogatory No. 17.

**RESPONSE TO REQUEST NO. 60:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 60:**

Brooks produces the Employee Non-Disclosure Agreements for former employees, Alexander Locker and Tuan Ha (BR 000388 & BR 000389).

**ARGUMENT:**

As to the employment file for these employees, the objection should stand. All documents not subject to Brooks' objection have been produced.

**REQUEST NO. 63:**

All communications with vendors concerning Fabworx, this lawsuit, Richard Kent, or Mike Dailey.

**RESPONSE TO REQUEST NO. 63:**

Plaintiff has no such documents.

**ARGUMENT:**

There exist no letters or other recorded communications.

**REQUEST NO. 64:**

A copy of Brooks' Business Plan and Marketing plan in effect for the years 2000 to the present.

**RESPONSE TO REQUEST NO. 64:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

CONFIDENTIAL

**ARGUMENT:**

The objection should stand.

**REQUEST NO. 65:**

A copy of Brooks' tax returns for the years 2000 to the present.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

**ARGUMENT:**

The objection should stand. Tax returns are not significant in determining lost profits attributed to the Fabworx Arm for they do not provide that level of detail. Documents BR 000121 and BR 000326 provide information relative to lost profits.

**REQUEST NO. 66:**

A copy of Brooks' year end general ledgers for the years 2000 to the present, and the most recent month end general ledger.

**RESPONSE TO REQUEST NO. 66:**

Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

**ARGUMENT:**

The objection should stand. Document BR 000121 and BR 000326 provides information relative to lost profits.

**Other:**

    1)    Documents dealing with lost sales, lost profits, or historical sales data for the HP Ultra Arm.

        <u>Argument:</u>    Request Satisfied. See document BR 000121.

    2)    All design drawings and reports for the Brooks Arm.

**CONFIDENTIAL**

Argument:     Request satisfied.  See documents BR 000075 – BR 000089, and BR 000276 – BR 000318.

3)     Documents concerning the research or development of the Brooks HP Ultra Arm.

Argument:     Request Satisfied.  See Revision History of documents BR 000133 - BR 000134 and BR 000138.  See documents BR 000327 – BR 000334 and BR 000337 – BR 000340.  See documents BR 000075 – BR 000089, and BR 000276 – BR 000318.

4)     All the emails regarding the Brooks HP Ultra Arm.

Argument:  Plaintiff objects to this request as being overbroad, irrelevant, and not likely to lead to the discovery of admissible evidence, and that it seeks confidential information.

5)     Documents evidencing client lists or potential client lists.

Argument:  Brooks' only client is AMI.  The responsive documents, BR 000063 – BR 000065, have been produced.

6)     Documents reflecting Brooks' policy on protecting trade secret information.

Argument:  Request Satisfied.  See Employee Non-Disclosure Agreements *supra* (BR 000016, BR 000017, BR 000388 & BR 000389).  See also Insider Trading and Confidentiality of Insider Information section of Brooks' General Policies and Procedures (BR 000390 - BR 000396).

7)     Documents comparing the Brooks Arm to the Fabworx Arm.

Argument:  Request Satisfied.  See Fabworx Product Assessment, document BR 000053 – BR 000058.

8)     Documents reflecting a vendor list for Brooks.

Argument:  Request Satisfied by Answer to Interrogatory No. 7.

9)     Documents that show the cost or a cost breakdown of the cost to develop the Brooks HP Ultra Arm.

Argument:  Satisfied by Documents BR 000009, BR 000121, and BR 000326.

10)     Documents concerning contracts or communications with vendors concerning those contracts.

Argument:  Satisfied by process documents (BR 000122 – BR 000138), nondisclosure agreements (BR 00068 - BR 00073).

**CONFIDENTIAL**

11)    Brooks' attorney fee contracts and attorney fee invoices not produced.

Argument:  Brown Rudnick's fee contract with Brooks and fee invoices are protected by attorney-client and work-product privileges.

12)    Copies of contracts by third parties to purchase the HP Ultra Arm.

Argument:  Brooks' only client is AMI.  The responsive documents, BR 000063 – BR 000065, have been produced.

13)    The employment files for the former employees who worked with the HP Ultra Arm identified in response to interrogatory no. 17.

Argument:  Satisfied by response to for Request No. 60 *supra*.  See Employee Non-Disclosure Agreements (BR 000016, BR 000017, BR 000388 & BR 000389).

14)    Information in Brooks' possession, concerning the development and design of the Brooks HP Ultra Arm, should also include information concerning the then existing Applied Materials HP and HP Plus arm that the Brooks HP Ultra Arm was designed to replace.

Argument:  Request satisfied.  See documents BR 000075 – BR 000089,  and BR 000276 – BR 000318.

15)    Communications between Brooks and Applied Materials concerning sales or sales strategy for the HP Ultra Arm, or any proposals for updates, redesign or modifications for the Brooks HP Ultra Arm.

Argument:  Request satisfied.  See documents BR 000003 – BR 000005, BR 000018 – BR 000036, BR 000327 – BR 000334, BR 000337 – BR 000340, BR 000342 - BR 000343, and BR 000350 – BR 000383.

## V.    **DEDESIGNATE INFORMATION MARKED AS HIGHLY CONFIDENTIAL**

All designations have been marked in compliance with the Stipulated Confidentiality and Protective Order ("Protective Order") entered into by the parties.  However, on October 4, 2004, in response to Attorney Doubrava's concerns relative to disclosing information to Richard Kent ("Kent") and Mike Dailey ("Dailey), Plaintiff's Counsel faxed Attorney Doubrava a letter which invited discussions about amending the Stipulated Confidentiality and Protective Order

CONFIDENTIAL

("Order") to accommodate Doubrava's request to disclose Brooks' Answers to Kent and Dailey. However, this request for a discussion went unanswered.

WHEREAS full and complete responses to the interrogatories and requests for production have been provided, and Plaintiff offered to modify the Protective Order, Plaintiff requests that Defendants' Motion be denied.

Respectfully submitted,

Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 (facsimile)

By: _____

James W. Stoll, BBO #544136
Brian L. Michaelis, BBO #
Carla A. Salvucci, BBO #657465

#1309644 v\1 - stolljw☐ - 2j001l.doc☐ - 14663/107

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: _11/1/04_  _____

**CONFIDENTIAL**