UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKS AUTOMATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>FABWORX SOLUTIONS, INC.<br>and RICHARD KENT<br><br>Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 04-10320-GAO<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT FABWORX SOLUTIONS, INC.'S BRIEF IN REPLY TO PLAINTIFF BROOKS AUTOMATION, INC.'S RESPONSE TO DEFENDANT FABWORX SOLUTIONS, INC.'S MOTION TO COMPEL

Defendant, FABWORX SOLUTIONS, INC., files this brief in reply to Plaintiff's response to Defendant Fabworx' Motion to Compel and states as follows:

Defendant appreciates Plaintiff providing supplemental document production and supplemental interrogatory answers in response to Defendant's Motion to Compel. However, Defendant does not agree that all of the discovery concerns have been satisfied. The continuing inadequacies are as follows:

1. Former employees phone numbers: In supplemental answer to interrogatory nos. 4 and 17, Plaintiff provides the last known address for former employees, Phil Sullivan, Greg Brewer, Taun Ha, and Al Locker; however, Plaintiff does not provide these individual's last known telephone numbers from their files.

2. Interrogatory nos. 5 and 6: Answers to Interrogatory nos. 5 and 6 fail to disclose why each of the items referenced is secret, and what the competitive advantage is to Brooks for each of the items. They also fail to identify the supporting documents, although Plaintiff does identify them in its response to the motion to compel. In addition, with respect to response to

1

interrogatory no. 6, the answer fails to identify any specific process in the manufacturing process that Brooks is contending is trade secret.

3. Interrogatory no. 7: Supplemental response to Interrogatory no. 7 fails to state Plaintiff's contention as to why the identity of the vendors is a trade secret. The answer also fails to identify the supporting documents, although Plaintiff does identify the supporting documents in its response to the motion to compel.

4. Interrogatory no. 8: Supplemental response to Interrogatory no. 8 is inadequate because it still fails to answer the question. While in argument, Plaintiff identifies documents BR00053 to BR00058 as providing an answer to this interrogatory. Plaintiff does not identify these documents within the interrogatory answer itself.[1]

5. Interrogatory no. 9: Answer to Interrogatory no. 9 was not supplemented, and continues to suffer from the same deficiencies identified in the motion to compel.

6. Interrogatory no. 10: This supplemental answer to interrogatory no. 10 does not cure the deficiencies. Although Plaintiff identifies documents in his argument in his response, he does not identify documents in his interrogatory answer. There is no explanation of why Brooks contends their vendors are exclusive to Brooks. No confidentiality agreements with vendors nor co-development agreements with vendors have been produced. Plaintiff has produced some mutual nondisclosure agreements, which do not appear to prevent the vendors from selling their products to Defendants.

7. Interrogatory no. 14: Plaintiff did not supplement its answer to Interrogatory no. 14.

---

[1] For the Court's information, the June 30, 2004, review by technical expert referenced on Page 9 of Plaintiff's response, was done in connection with a settlement conference, and was not part of the discovery process.

2

8. Brooks' marketing materials: Request for production nos. 16 and 64 request that Brooks produced its marketing materials with regard to the HP Ultra Arm™. In its supplemental response, Plaintiff identifies several documents as having been produced in response to this request. However, these documents do not reveal emails or other correspondence with Applied Materials concerning the marketing of the arm, marketing strategy for the arm, and any marketing plans for the arm. This is important for a lost profits analysis since documents produced by Plaintiff show that as of August 2003, Plaintiff had only sold approximately fifty robot arms to Applied Materials at a price of $15,000.00, for an approximate three year period, (documents bates numbered BR00053 - BR00054).

9. Request for Production no. 38: In its recent supplemental production, Plaintiff did produce some documents concerning the voluntary layoff program. However, Plaintiff did not produce a copy of any document that Rick Kent signed as part of his separation agreement involving the voluntary layoff program. Plaintiff is contending that Defendant in the voluntary layoff program agreed that the confidentiality agreement initially signed back in 1994 by Mr. Kent would remain in effect after termination. Defendant would like to see Plaintiff's copy of this agreement, if any.

10. Request for Production no. 6: Plaintiff has not produced the employee files. The employee files may contain identifying information that will assist Defendant with locating and contacting these employees. In addition, the employee files will reveal whether or not the employees were provided any training on keeping information secret and confidential.

11. Request for Production nos. 65 and 66: These requests are for tax returns and year end general ledgers for Brooks. In their response, Plaintiff refers the Court to documents BR000121 and BR000326 (which are attached hereto as Exhibit O) and state that they provide

3

information relative to the lost profits issue. However, said documents are inadequate to complete a lost profits analysis. These documents do not allow Defendant to analyze the overhead and overhead allocations for the Brooks' profit analysis, do not allow Defendant to analyze the cost breakdown for the alleged cost to produce each individual arm, and do not provide Defendant the ability to challenge the gross margin percentage or the net profit. Therefore, Defendant respectfully requests that its motion to compel be granted.

12.     Other: Plaintiff did not produce copies of contracts by third parties to purchase the HP Ultra Arm™ or documents evidencing client lists or potential client lists. Plaintiff responded to the motion to compel by stating that Brooks is the only client of AMI. This response is insufficient in that Plaintiff is contending that Defendant took other client lists, or the knowledge of the clients of AMI, when he left Brooks and that this was a trade secret of Brooks. These requests were intended to and are broad enough to cover those clients of AMI to whom the Brooks Ultra Arm is sold.

13.     Plaintiff continues to object to producing its attorney fees contract and attorney fees invoices. However, Plaintiff is alleging that it is entitled to recover its attorney's fees from Defendant in this case. Therefore, Defendant respectfully submits that it should be allowed to review those fee contracts and fee invoices, unless Plaintiff is willing to waive its claim for attorney fees in this case.

14.     Dedesignate information marked as Highly Confidential and Confidential: Defendant still contends that the information listed in its motion to compel should be dedesignated as Highly Confidential and Confidential, as set forth therein. Plaintiff has not indicated that it is willing to dedesignate these items as requested.

WHEREFORE, Defendant requests that its motion to compel be granted and for such other and further relief to which it may be entitled, and as more fully set forth in its motion to compel.

        Respectfully submitted,

        BROWN McCARROLL, L.L.P.
        111 Congress, Suite 1400
        Austin, Texas 78701
        (512) 472-5456 (Telephone)
        (512) 479-1101 (Facsimile)

        By: _/s/ Randall C. Doubrava_
        THOMAS H. WATKINS
        State Bar No. 20928000
        ALBERT A. CARRION, JR.
        State Bar No. 03883100
        RANDALL C. DOUBRAVA
        State Bar No. 06029900

        JOHN J. REGAN
        State Bar No. 415120
        HALE AND DORR, L.L.P.
        60 State St.
        Boston, Massachusetts 02109
        (617) 526-6000 (Telephone)
        (617) 526-5000 (Facsimile)

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been sent to the parties listed below on this ____4____ day of __November__, 2004.

**VIA TELECOPIER 1-617-856-8201**
James W. Stoll
Carla A. Salvucci
BROWN RUDNICK BERLACK ISRAELS, L.L.P.
One Financial Center
Boston, MA 02111

_____
RANDALL C. DOUBRAVA

# EXHIBIT O

| P/N | DESCRIPTION | TOTAL SHIPPED | UNIT PRICE | TOTAL REVENUE | TOTAL COST | SHIPMENT DATES |
|---|---|---|---|---|---|---|
| 002-5094-03 | HP Ultra Arm Kit | 15 | $15,000 | $225,000 | $71,430 | (2) - 9/04, (11) - 10/02, (2) - 8/04 |
| 002-1512-01 | HP Ultra Arm Linkage | 44 | $8,090 | $355,960 | $100,188 | (1) - 8/01, (2) - 10/01, (1) - 11/01, (1) - 12/01, (9) - 1/02, (15) - 2/02, (15) - 1/02, (1) - 9/03, (1) - 10/03, (10) - 1/03, (1) - 8/04, (2) - 10/04 |
| 710-0035-43 | HP Ultra Hub Bearing | 170 | $1,368 | $232,560 | $79,390 | |
| 100811 | HP Blade | 62 | $400 | $24,800 | $15,500 | |
| 002-5093-03 | HP Blade | 42 | $400 | $16,800 | $10,500 | |
| 103219 | VHP Blade | 5 | $400 | $2,000 | $1,250 | |
| 002-5093-02 | HP Ultra Retainer Spring | 18 | $300 | $5,400 | $4,500 | |
| 002-5092-01 | HP Blade | 40 | $279 | $11,160 | $4,800 | |
| 002-5093-01 | HP Blade | 34 | $400 | $13,600 | $8,500 | |
| 002-1976-04 | HP Ultra Elastomer Pad | 648 | $69 | $44,712 | $13,608 | |
| **TOTALS** | | 1,078 | | $931,992 | $309,666 | |
| TOTAL GM % | | | | | | |

CONFIDENTIAL

BR 000121

status = released

### ECO 172494

| Level | AMAT P/N | Desc. | Comments | Brooks P/N | Brooks Cost (Unit) | Qty | Brooks Cost (Extended) | In Oracle | In SAP (W/ COST & PRICE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0290-76233 | CONFIG PRODUCT, CENTURA COMMON STAND ALONE KITS | No action - for ref only | n/a | n/a | | n/a | Y | Y |
| 2 | 0240-15121 | HP ULTRA ROBOT UPGRADE PIK | No action - for ref only, used in SAP quoting | n/a | n/a | | n/a | Y | Y |
| 3 | 0190-07714 | HP ULTRA ROBOT UPGRADE, 8" (old) | Uprev (001 to 002) and attach new document Kit includes end-effector 002-5093-01Without EWOB compatibility changes | 002-5094-01 | $15,000.00 | 1 | $15,000.00 | Y | Y |
| 3 | 0250-16793 | HP ULTRA ROBOT UPGRADE PROCEDURE | Create New / Stucture to 0240-15121 | n/a | n/a | | n/a | Y | ? |
| 2 | 0190-07887 | Blade, 200mm HP ULTRA Robot (old) | Create New / Stucture to 0290-76233 Without EWOB compatibility changes | 002-5093-01 | $400.00 | 1 | $400 | N | N |
| 2 | 0240-15381 | Blade PM HP ULTRA Robot | Create New / Stucture to 0290-76233 | n/a | n/a | | n/a | N | N |
| 3 | 0190-07888 | Replacement Pad, 200mm HP ULTRA Robot Blade | Create New / Stucture 3X to 0240-15381 | 002-1878-04 | $46.50 | 1 | $47 | Y | Y |
| 3 | 0250-16832 | HP Ultra Robot Blade Pad Replacement Procedure | Create New / Structure to 0240-15381 | n/a | n/a | | n/a | Y | n/a |

### ECO zzzzzz

| Level | AMAT P/N | Desc. | Comments | Brooks P/N | Brooks Cost | | Brooks Cost | | |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 0230-01682 | HP Ultra Upgrade Manual | | n/a | n/a | | n/a | N | N |
| 3 | 0230-01685 | HP Ultra Upgrade Manual | | n/a | n/a | | n/a | N | N |

### ECO 176102

| Level | AMAT P/N | Desc. | Comments | Brooks P/N | Brooks Cost | | Brooks Cost | | |
|---|---|---|---|---|---|---|---|---|---|
| 2 | 0190-10089 | Blade, 200mm HP | Includes EWOB compatibility changes | 100811 | $400.00 | 1 | $400 | Y | Y |
| 2 | 0190-10090 | Blade, 150mm HP | Includes EWOB compatibility changes | 002-5093-03 | $400.00 | 1 | $400 | Y | Y |
| 3 | 0190-08248 | Brg, HP Ultra Hub, Hybrid Ceramic (with MC 296) | 4 Brooks bearings 4 structured to kit | 710-0035-43 | $1,625.00 | 4 | $6,500 | Y | Y |

### ECO# 192761

| | AMAT P/N | Desc. | Comments | Brooks P/N | Brooks Cost | | Brooks Cost | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0290-03775 | CPS Common Retrofits | | n/a | n/a | | n/a | Y | Y |
| 2 | 0190-10563 | HP Ultra Robot Linkage | Configure for all 150mm/200mm non HDP CVDsystems | 002-1612-01 | $7,825 | 1 | $7,825 | Y | Y |
| 2 | 0190-10564 | HP Ultra ER Robot Linkage | Configure only for 150mm/200mm HDP CVD systems | 002-1612-02 | $7,825 | 1 | $7,825 | Y | Y |
| 2 | 0190-10089 | Blade, 200mm HP | Configure on all 200mm systems (unless another blade required per configuration), includes EWOB compatibility changes | 100811 | $400 | 1 | $400 | Y | Y |
| 2 | 0190-10090 | Blade, 150mm HP | Configure on all 150mm systems | 002-5093-03 | $400 | 1 | $400 | Y | Y |
| 2 | 0190-11205 | Blade, 200mm Predean, HP Ultra Robot | Configure only on Endura 200mm system with PC2e (PC's with Echuck) | 103219 | $400 | 1 | $400 | Y | Y |
| 2 | 0242-23324 | HP Ultra Bearing PM Kit | Configure to all systems -- includes 4 Brooks bearings | 710-0035-43 | $1,600 | 4 | $6,400 | Y | Y |
| 3 | 0190-10565 | HP Ultra Retainer Spring | Configure to all systems | 002-5092-01 | $375 | 1 | $375 | Y | Y |
| 3 | 0230-01685 | HP Ultra Upgrade Manual | Configure to all systems | n/a | n/a | | n/a | Y | Y |

### New ECO

| | AMAT P/N | Desc. | Comments | Brooks P/N | Brooks Cost | | Brooks Cost | | |
|---|---|---|---|---|---|---|---|---|---|
| 2 | | Blade, HP Ultra, Mechanical Capture | Configure only for 200mm SACVD system with process tempreture >420 | 104061 | $600.00 | 1 | $600 | Y | |
| 2 | | Brooks VHP end effector | | 002-5093-02 | $400.00 | | $400 | Y | |

CONFIDENTIAL

BR 000326